UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICHARD GAYTAN,

    Plaintiff,

    v.

UNITED STATES OF AMERICA,

    Defendant.

                                         /

No. C 05-4621 MHP

**MEMORANDUM & ORDER**
**Re: Defendant's Motion to Dismiss**

       On August 24, 2005, plaintiff Richard Gaytan filed a complaint sounding in tort against defendants, Sarah Nelson and Barbara Brandt, in state court. Subsequent to the filing of plaintiff's complaint, the action was deemed an action against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. sections 2671–80. Consequently, defendant Nelson was dismissed out of the action, and the United States was substituted as the party defendant. Now before the court is defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), or in the alternative under Federal Rule of Civil Procedure 12(b)(6).

       Having considered the parties' arguments and submissions, and for the reasons set forth below, the court enters the following memorandum and order.

BACKGROUND

       Plaintiff filed a complaint against his supervisor at the Department of Labor, Sarah Nelson, and the president of his labor union, Barbara Brandt, in Alameda Superior Court on August 24, 2005, alleging general negligence, assault, and intentional infliction of emotional distress. Notice of Removal, Exh. A (hereinafter "Complaint") at 4–6. On October 6, 2005, defendant Brandt was

1   dismissed out of the action.  Notice of Removal ¶ 3.  Defendant contends that the alleged assault
2   took place during the course of an appraisal of plaintiff's job performance.  Notice of Removal ¶ 1.
3   Although plaintiff disputes this, he has proffered no evidence to support his assertion.  Nonetheless,
4   at oral argument, plaintiff conceded that the alleged assault occurred at a meeting between plaintiff
5   and his supervisor, Nelson, during work hours on the Department of Labor's premises.

6   In his complaint, plaintiff alleges that Nelson "became furious, went out of control and
7   lunged at the plaintiff assaulting him [and] deliberately exacerbating his PTSD."[1]  Complaint at 4.
8   Plaintiff claims that as a result of Nelson's allegedly tortious activity, he has suffered severe mental
9   and physical harm that has rendered him unemployable.  Plaintiff seeks compensatory and punitive
10  damages in the amount of $13,000,000.00.  Complaint at 3.

11  On November 10, 2005, the Chief of the Civil Division certified that Nelson was acting
12  within the scope of her employment at the time of the alleged incident pursuant to 28 U.S.C. section
13  2679(d)(2).  See Notice of Removal ¶ 5; see also Certification Pursuant to 28 U.S.C. § 2679(d).
14  When a plaintiff files suit in tort against a government employee in state court, the Attorney General
15  has the authority to certify that the defendant employee was acting within the course or scope of his
16  employment when the alleged tort occurred.  28 U.S.C. § 2679(d)(2).  Under 28 C.F.R. 15.3, the
17  Chief of the Civil Division has delegatory authority to make scope of employment certifications.

18  Following the certification, the United States removed this action from state court to the
19  United States District Court for the Northern District of California, dismissed Nelson out of the
20  action, and substituted itself as party defendant.  Notice of Removal ¶¶ 5–6.

21  On November 30, 2005, the United States moved to dismiss this action under Federal Rule of
22  Civil Procedure 12(b)(1).  Alternatively, the United States moved to dismiss the action under Federal
23  Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted.[2]  On
24  December 26, 2005, plaintiff filed an opposition to defendant's motion to dismiss and requested that
25  the court remand this action to state court.

2

LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests the subject matter jurisdiction of the court. See, e.g., Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039–40 (9th Cir. 2003), cert. denied, 541 U.S. 1009 (2004). The plaintiff bears the burden of establishing the propriety of the court's jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Consequently, a Rule 12(b)(1) motion will be granted if the complaint, when considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction. Savage, 343 F.3d at 1039 n.2; Thornhill Publ'g Co. v. General Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979). When a defendant challenges the propriety of subject matter jurisdiction on the basis of the face of a complaint, the court must accept as true all of the factual allegations in the complaint. Miranda v. Reno, 238 F.3d 1156, 1157 n.1 (9th Cir. 2000), cert. denied, 534 U.S. 1018 (2001). Additionally, the court must construe the factual allegations in the light that is most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

Alternatively, a defendant may seek dismissal under Rule 12(b)(1) by presenting evidence to refute the jurisdictional facts alleged in the complaint. Savage, 343 F.3d at 1039 n.2; Thornhill Publ'g, 594 F.2d at 733. When considering a factual Rule 12(b)(1) attack, "a court may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment." White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000) (citing Gemtel Corp. v. Community Redevelopment Agency, 23 F.3d 1542, 1544 n.1 (9th Cir. 1994)). Under this standard, no presumption of truthfulness attaches to the allegations in the plaintiff's complaint. Id. The court may weigh affidavits and other evidence properly before it in determining whether it has jurisdiction, resolving factual disputes where necessary. Association of Am. Med. Colls. v. United States, 217 F.3d 770, 778 (9th Cir. 2000). Once the defendant has introduced evidence attacking the factual basis for the court's jurisdiction, the plaintiff "must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Savage, 343 F.3d at 1039 n.2 (citation omitted).

3

1	However, when considering a Rule 12(b)(1) motion, if the court determines that "the
2  jurisdictional issue and substantive claims are so intertwined that resolution of the jurisdictional
3  question is dependent on factual issues going to the merits, the district court should employ the
4  standard applicable to a motion for summary judgment . . . ." Rosales v. United States, 824 F.2d
5  799, 803 (9th Cir. 1987) (citing Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983)).
6  Generally, "the question of jurisdiction and the merits of an action will be considered intertwined" in
7  actions where "a statute provides the basis for both the subject matter jurisdiction of the federal
8  court and the plaintiff's substantive claim for relief." Safe Air For Everyone v. Meyer, 373 F.3d
9  1035, 1039–40 (9th Cir. 2004) (internal quotation marks omitted) (quoting Sun Valley Gasoline v.
10  Ernst Enters., Inc., 711 F.2d 138, 139 (9th Cir. 1983)), cert. denied, ___ U.S. ___, 125 S. Ct. 1973
11  (2005).  Applying this standard, the court must assume the truthfulness of the allegations in a
12  plaintiff's complaint "unless controverted by undisputed facts in the record." Roberts v. Corrothers,
13  812 F.2d 1173, 1177 (9th Cir. 1987).  However, "a court need not 'assume the truth of legal
14  conclusions merely because they are cast in the form of factual allegations.'" Id. (quoting Western
15  Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981), cert. denied, 454 U.S. 1031 (1981)).  If
16  the court determines that the jurisdictional question and the merits of an action are inextricably
17  intertwined, it may not resolve genuinely disputed facts on a 12(b)(1) motion but must wait until
18  trial to resolve the jurisdictional issue. Id. (citing Augustine, 704 F.2d at 1077).  Dismissal of an
19  action in which the jurisdictional issues and merits of the action are intertwined is proper only where
20  "the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a
21  matter of law." Augustine, 704 F.2d at 1077 (citing Thornhill Publ'g, 594 F.2d at 733–35); accord
22  Rosales, 824 F.2d at 803.

23

24  DISCUSSION
25	Defendant makes three arguments in support of its motion to dismiss.  First, defendant
26  contends that the FTCA governs this action and the United States is thus a properly substituted party
27  since Nelson was acting within the scope of her employment when the alleged torts occurred.
28

4

1  Second, defendant contends that the court lacks subject matter jurisdiction because plaintiff did not
2  exhaust his administrative remedies before instituting this action.  Finally, defendant asserts a lack of
3  subject matter jurisdiction on the separate ground that plaintiff alleges torts barred under sovereign
4  immunity.  Thus, defendant contends, the court should dismiss plaintiff's complaint with prejudice
5  on grounds of futility.

6  In response, plaintiff contends that the FTCA does not govern this action and that the United
7  States was not properly substituted for federal defendant Nelson since Nelson was not acting within
8  the scope of her employment at the time of the alleged incident.  Accordingly, plaintiff argues that
9  the court should resubstitute Nelson into the action in place of the United States and remand the
10 action to state court for further proceedings.

12 I.    Determination of Applicable Legal Standard
13     This court must first determine the proper legal standard to apply in reviewing defendant's
14 motion to dismiss for lack of subject matter jurisdiction.  Pursuant to Rosales, if the jurisdictional
15 claims are intertwined with factual issues going to the merits of the action, this court must apply the
16 standards applicable to a motion for summary judgment.  Rosales, 824 F.2d at 803.  The principal
17 dispute between the parties concerns whether Nelson was acting within the scope of her employment
18 at the time of the alleged incident.  Assuming Nelson committed the torts against plaintiff, the
19 United States would only be potentially liable to plaintiff under the FTCA if Nelson were acting
20 within the scope of her employment.  As in Safe Air, whether plaintiff has "alleged a claim that
21 comes within [the statute's] reach goes to the merits of . . . [the] action."  Safe Air For Everyone,
22 373 F.3d at 1040.  Therefore, the court finds that the jurisdictional issue is intertwined with factual
23 issues that also go to the merits of the action, and the court must apply the standards applicable to a
24 motion for summary judgment.  See id. at 1039–40; see also Buchanan v. U.S. Dept. of Health and
25 Human Servs., 177 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001) (Zimmerman, J.).

## II. Applicability of the FTCA

The Federal Tort Claims Act (FTCA) applies in a suit against a government employee for a tort if the employee's actions are determined to be within the scope of his employment. See, e.g., Gutierrez de Martinez v. Lamagno, 515 U.S. 417, 420 (1995). In general, this determination is a mixed question of law and fact. Meridian Int'l Logistics, Inc. v. United States, 939 F.2d 740, 745 (9th Cir. 1991) (citation omitted). However, a scope of employment determination "becomes a question of law when the facts are undisputed and no conflicting inferences are possible." Billings v. United States, 57 F.3d 797, 800 (9th Cir. 1995) (citing Perez v. Van Groningen & Sons, 41 Cal. 3d 962, 968 (1986)).

### A. FTCA Provisions

Under the doctrine of sovereign immunity, the government is immune from suits by its citizens, except when the government has given its consent to be sued. See, e.g., Hercules Inc. v. United States, 516 U.S. 417, 422 (1996) (citation omitted). In 1946, Congress enacted the Federal Tort Claims Act (FTCA) which waived, for the first time, the United States' general immunity from liability in tort for the wrongful or negligent acts of its agents or employees. The FTCA designates the federal courts as the forum for

> claims against the United States, for money damages . . . for . . . personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government *while acting within the scope of his office or employment*, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b) (emphasis added). The Federal Employees Liability Reform and Tort Compensation Act of 1988 ("FELRTCA"), more commonly known as the Westfall Act, amended the FTCA and limited the remedies available to persons injured by the wrongful or negligent acts of a government employee acting within the scope of his office or employment. Under the FELRTCA, "the remedy against the United States" for such injuries "is exclusive of any other civil action or proceeding for monetary damages." 28 U.S.C. § 2679(b)(1). Thus, in as much as plaintiff has filed

1  suit against a government employee for a tort, the FTCA applies if it is determined that the tortious
2  action was within the scope of his supervisor's employment.

### B. Review of Scope of Employment Certification

Although subject to judicial review, the Chief of the Civil Division's scope certification constitutes *prima facie* evidence that Nelson was acting within the scope of her employment at the time of the alleged assault. Billings, 57 F.3d at 800 (citing Green v. Hall, 8 F.3d 695, 698 (9th Cir. 1993), cert. denied, 513 U.S. 809 (1994)); see also Lamagno, 515 U.S. at 434. Plaintiff bears the burden of disproving the certification by a preponderance of the evidence. Billings, 57 F.3d at 800.

The review of a scope of employment certification is *de novo*. Pelletier v. Federal Home Loan Bank, 968 F.2d 865, 875 (9th Cir. 1992) (citing Meridian Int'l Logistics, Inc., 939 F.2d at 745), cert. denied, 537 U.S. 827 (2002). Faced with a challenge to a scope of employment certification, a district court is authorized but not required to conduct an evidentiary hearing and resolve disputed factual questions. Id. at 874 (citing Meridian Int'l Logistics, Inc., 939 F.2d at 745); see also McLachlan v. Bell, 261 F.3d 908, 910–11 (9th Cir. 2001).

#### i. Applicable Law

In conducting a *de novo* review of a scope certification, the district court applies the "principles of *respondeat superior* of the state in which the alleged tort occurred." Pelletier, 968 F.2d at 876 (citations omitted); see also Wilson v. Drake, 87 F.3d 1073, 1076 (9th Cir. 1996), cert. denied, 520 U.S. 1142 (1997). In the instant action, California law applies because the alleged assault occurred at the U.S. Department of Labor in Oakland, California.

Under California law, an employee acts within the course or scope of his employment where: "1) the act performed was either required by or 'incident to his duties', or 2) the employee's misconduct could be reasonably foreseen by the employer in any event." Alma W. v. Oakland Unified Sch. Dist., 123 Cal. App. 3d 133, 139 (1981) (quoting Clark Equip. Co. v. Wheat, 92 Cal. App. 3d 503, 520 (1979)). A risk is a "foreseeable consequence" of an employer's business if, "*in the context of the particular enterprise* an employee's conduct is not so unusual or startling that it

7

1 would seem to include the loss resulting from it among other costs of the employer's business."
2 Farmers Ins. Group v. County of Santa Clara, 11 Cal. 4th 992, 1004 (1995) (internal quotation marks
3 omitted) (quoting Perez, 41 Cal. 3d at 968).

4   California courts have interpreted the *respondeat superior* doctrine broadly to hold
5 employers vicariously liable for a wide range of their employees' tortious activities. Under
6 California law, so long as an employee's tortious acts arise out of or concern the employment, they
7 may fall within the scope of the employment. Id. (citing Mary M. v. City of Los Angeles, 54 Cal. 3d
8 202, 209 (1991); John R. v. Oakland Unified Sch. Dist., 48 Cal. 3d 438, 447 (1989)). See also
9 McLachlan, 261 F.3d at 910–11 (finding that defendants were acting within the scope of their
10 employment under California law for purposes of the FTCA where their tortious activity "took place
11 at work, in ways relating to work, on issues arising out of the work all of them did . . . ."); Wilson,
12 87 F.3d at 1077 (finding that defendant was acting within the scope of his employment under
13 California law where plaintiff alleged that defendant engaged in tortious acts that "all took place
14 during regular business hours and involved work-related matters."). An employee's tortious acts
15 may fall within the scope of employment even if they directly contravene an express policy or
16 directive of the business. Farmers Ins. Group, 11 Cal. 4th at 1004 (citing Mary M., 54 Cal. 3d at
17 209; Perez, 41 Cal. 3d at 969–70).

18   However, there are some limitations to this doctrine. If an employee engages in malicious or
19 tortious conduct that "*substantially* deviates from the employment duties for personal purposes," the
20 conduct falls outside the scope of employment, and the employer is not to be held vicariously liable.
21 Id. at 1005 (citations omitted). This rule applies even if: (1) the misconduct occurred at the place of
22 employment during business hours; and (2) the employee was engaged in employment activity either
23 before or subsequent to the misconduct. Id. (citation omitted).

24   In support of his position, plaintiff urges this court to apply the *respondeat superior* laws of
25 Michigan, Pennsylvania, and Massachusetts. However, because the court must apply the *respondeat*
26 *superior* law of the state in which the torts were allegedly committed, California law applies here.
27 See, e.g., Pelletier, 968 F.2d at 876; Wilson, 87 F.3d at 1076.

28

8

In the instant action, it is undisputed that the alleged assault occurred during work hours during the course of a meeting between plaintiff and his supervisor, Nelson. Plaintiff argues that Nelson was not acting within the scope of her employment because she took actions that were in direct contravention of the Department of Labor's employment policies. However, under California *respondeat superior* law, the fact that an employee's actions were in direct contravention of express Department of Labor policies is not dispositive. See Farmers Ins. Group, 11 Cal. 4th at 1004. Under the broad *respondeat superior* doctrine, the alleged torts were foreseeable and related to a work activity and thus within the scope of employment.

### ii. Plaintiff's Evidentiary Burden

Plaintiff has failed to meet his burden of disproving the Chief of the Civil Division's scope of employment certification by a preponderance of the evidence. See Billings, 57 F.3d at 800. Aside from conclusory allegations and misguided legal arguments that Nelson was acting outside the scope of her employment, plaintiff offers no evidence to refute the Chief of the Civil Division's scope certification. Accordingly, the court finds that the Chief of the Civil Division's scope of employment certification was not erroneous. If plaintiff's action is to proceed, it must therefore proceed under the FTCA.

### III. Substitution of the United States

Pursuant to the FTCA, upon making a scope of employment certification, a state court action or proceeding "shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending." 28 U.S.C. § 2679(d)(2). When the action is removed to federal court, (1) it is deemed an action brought against the United States; (2) the government employee is dismissed from the action; and (3) the United States is automatically substituted as the party defendant. Id.

Since Nelson was acting within the scope of her employment, this action was properly removed to federal court, and the United States was properly substituted as party defendant pursuant to section 2679(d)(2) of the FTCA.

IV. <u>Jurisdictional Defects in Plaintiff's Claims</u>

Defendant asserts that the court lacks subject matter jurisdiction for two reasons. First, under the FTCA, a plaintiff seeking monetary damages must completely exhaust administrative remedies before bringing suit against the United States. <u>See, e.g.</u>, <u>McNeil v. United States</u>, 508 U.S. 106, 112 (1993). Second, the FTCA does not waive sovereign immunity for "any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights . . . ." 28 U.S.C. § 2680(h). Although the exhaustion issue is dispositive here, the court will address both of these jurisdictional obstacles in turn.

A. <u>Exhaustion of Administrative Remedies</u>

The FTCA imposes the jurisdictional requirement that a tort claimant must file an administrative claim with the appropriate federal agency—in this case, the Department of Labor—prior to filing suit and must either receive a conclusive denial of the claim from the agency or wait for six months to elapse without a final disposition of the claim being made. <u>Jerves v. United States</u>, 966 F.2d 517, 519 (9th Cir. 1992) (citing <u>Caton v. United States</u>, 495 F.2d 635, 638 (9th Cir. 1974)). The Ninth Circuit has emphasized that the "claim requirement of section 2675 is jurisdictional in nature and may not be waived." <u>Burns v. United States</u>, 764 F.2d 722, 724 (9th Cir. 1985) (citing <u>Blain v. United States</u>, 552 F.2d 289 (9th Cir. 1977)).

Plaintiff alleges that he has filed the proper claims with the Department of Labor and has availed himself of every administrative avenue of relief. Although plaintiff may have submitted certain employment-related grievance claims, there is no evidence that plaintiff filed the required FTCA claims with the Department of Labor.[3]  <u>See</u> Laura Trizuto Dec. ¶ 4–5. Plaintiff's action is

thus premature and must be dismissed for lack of subject matter jurisdiction. See Jerves, 966 F.2d at 519.

### B. Sovereign Immunity

Similarly, under Federal Rule of Civil Procedure 12(b)(1), plaintiff's tort claims do not allege facts sufficient to establish subject matter jurisdiction. 28 U.S.C. section 2680(h) prohibits a plaintiff from bringing against the United States "any claim arising out of assault . . . ." Thus, plaintiff's claims for relief are barred to the extent that plaintiff alleges a cause of action for assault.

Plaintiff's emotional distress claim is similarly barred as it arises out of the underlying assault claim. In interpreting the "arising out of" language in the FTCA, the Ninth Circuit has held that an emotional distress claim "arises out of" an excluded tort if that tort must be proved for the underlying claim to succeed. See, e.g., Thomas-Lazear v. Federal Bureau of Investigation, 851 F.2d 1202, 1207 (9th Cir. 1988) (noting that if government actions that constitute a barred slander claim are essential to an underlying emotional distress claim, then the emotional distress claim is also barred). Consequently, the court dismisses all of plaintiff's tort claims with prejudice.

## V. Remand

In his opposition to defendant's motion to dismiss, plaintiff also requests that the court remand the instant action to state court. Plaintiff argues that remand is proper because the scope of employment certification was erroneous as Nelson was not acting within the scope of her employment at the time of the alleged assault.

The Ninth Circuit has not yet ruled on the issue of whether remand is permitted where a district court determines that a scope of employment certification is erroneous. There is a circuit split over this very issue. See Clamor v. Karagiorgis, 191 F. Supp. 2d 1186, 1189 (D. Haw. 2002). (citations omitted) (explaining that the Third, Fourth, and Fifth Circuits have held that the FTCA precludes a district court from remanding an action to state court upon decertification whereas the

D.C. Circuit and the First Circuit have concluded that the FTCA requires a district court to remand an action to state court following decertification).

Although the court recognizes that the law concerning the effect of an erroneous scope of employment certification on the court's ability to retain jurisdiction over an action originally premised on the FTCA is unsettled, it need not reach this issue here as the certification in the present action was not erroneous. Consequently, this action was properly removed to federal court pursuant to section 2679(d)(2) of the FTCA. Plaintiff's request to remand this action to state court is therefore denied.

## VI.     Summary

In summary, this court finds that Nelson was acting within the scope of her employment at the United States Department of Labor when she allegedly assaulted plaintiff, and thus the FTCA governs this action. Accordingly, Nelson was properly dismissed from the action, and the United States was properly substituted as the party defendant in her place. See 28 U.S.C. § 2679(d)(2). This court lacks subject matter jurisdiction because plaintiff failed to exhaust his administrative remedies before filing suit and seeks to proceed with claims that are barred under the doctrine of sovereign immunity.

CONCLUSION

For the foregoing reasons, the court hereby GRANTS defendant's motion to dismiss.

IT IS SO ORDERED.

Dated: February 16, 2006

MARILYN HALL PATEL
District Judge
United States District Court
Northern District of California

## **ENDNOTES**

1.  At oral argument, plaintiff conceded that no actual touching or battery occurred at the meeting between plaintiff and his supervisor. Plaintiff merely alleges that his supervisor lunged at him, causing him to believe that he was about to be touched in a harmful or offensive manner.

2.  As defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) is dispositive, the court need not reach the issue of whether dismissal would be proper under Federal Rule of Civil Procedure 12(b)(6).

3.  Plaintiff confirmed at oral argument that the grievances he filed were internal to the Department of Labor as opposed to those required under the FTCA.